IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-03067-GPG-KAS

MATTHEW R. METCALF, individually, and
ALLISON E. MOORE, individually and as next friend of minor child S.M.,

      Plaintiffs,

v.

RANDEE L. STAPP, individually,
CYNDY DUNLAP, individually,
CINDY CHUDACOFF, individually, and
BRUCE CHUDACOFF, individually,

      Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

      This matter is before the Court on Defendants Randee L. Stapp, Cindy Chudacoff, and Bruce Chudacoff's Combined **Motion to Strike or Dismiss First Amended Complaint** [#17][1] (the "Motion"). Plaintiffs Matthew Metcalf and Allison Moore, who proceed as pro se litigants,[2] filed a Response [#30] in opposition to the Motion [#17], Defendants filed a Reply [#36]. Defendant Cindy Dunlap filed a Notice of Joinder to the

_____

[1] "[17]" is an example of the convention that the Court uses to identify the docket number assigned to a specific filing by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Court must liberally construe a pro se litigant's filings. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). However, this general rule does not apply to legally trained pro se litigants. *See McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) (stating that pro se plaintiff was "not entitled to have his filings liberally construed because he is a trained attorney.") (citing *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007)). Here, Plaintiff Allison Moore is a licensed attorney. *See Am. Compl.* [#12] ¶ 8. Therefore, the Court "see[s] no reason to hold [Plaintiff] to a less stringent standard than other legally trained individuals." *McNamara*, 570 F. App'x at 743 n.2.

Motion [#33], Plaintiffs filed a Response [#39], and Defendant Cindy Dunlap filed a Reply [#40]. The Motion [#17] has been referred to the undersigned for a Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *See* [#32]. The Court has reviewed the briefs, the entire case file, and the applicable law. For the reasons stated below, the Court **RECOMMENDS** that the Motion [#17] be **GRANTED in part** and **DENIED in part.**

## I. Background

Plaintiffs and Defendants are former neighbors who were members of the Pines at Riva Chase Homeowners Association ("PRCHOA") in Golden, Colorado. *See Am. Compl.* [#12] at 3-4, ¶ 12. From what can be deciphered from the 557-paragraph Amended Complaint [#12], Plaintiffs sued Defendants following a series of not-so-neighbor friendly disputes. Plaintiffs have asserted a total of twelve federal and state causes of actions against Defendants arising from a number of miscellaneous neighborhood-related issues such as parking disputes, disagreements over snow removal services, and certain actions (and inactions) taken by the board of PRCHOA, among other things. *See id.* at 78-111, ¶¶ 424-557. Plaintiffs contend that they were discriminated against and retaliated against by Defendants. *See generally id.*

Plaintiffs filed their Original Complaint [#1] on November 4, 2024. Defendants moved to dismiss the Original Complaint [#1] on Rule 8 and 12(b)(4) grounds. *See First Motion to Dismiss* [#11]. Plaintiffs filed their Amended Complaint [#12] three days later, thereby rendering the First Motion to Dismiss [#11] moot. *See Order Denying First Motion to Dismiss as Moot* [#16]. In response to the Amended Complaint [#12], Defendants filed the instant Motion [#17] asking the Court to dismiss the Amended Complaint [#12] for

three reasons. First, Defendants contend that the Amended Complaint [#12] violates Federal Rule of Civil Procedure 8 and must be dismissed or stricken. *See Motion* [#17] at 4. Second, Defendants move to dismiss pursuant to Rule 12(b)(4) because Defendants were not served with summonses for the Original Complaint [#1]. *Id.* at 10. Finally, Defendants argue that Rule 12(b)(5) warrants dismissal of the Amended Complaint [#12] because Defendants were not served with the Amended Complaint [#12] at all but rather through their counsel via the Court's EM/ECF filing system. *Id.* at 11. Defendant Cindy Dunlap joined in the Motion [#17] with respect to the Rule 8 argument. *See Notice of Joinder* [#33].

## II. Legal Standards

### A.    Rule 8

Under Federal Rule of Civil Procedure 8, a complaint should contain "a short and plain statement of the claim." It should be "plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted," and "short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it." *Bertolo v. Long*, No. 20-cv-02980-GPG, 2020 WL 13753293, at *1 (D. Colo. Oct. 6, 2020) (citing *Carbajal v. City & Cnty. of Denver*, 502 F. App'x 715, 716 (10th Cir. 2012)) (internal quotations omitted). "The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that '[e]ach allegation must be simple, concise, and direct.' Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Elliott v. CBI*, No. 22-cv-03085-LTB-GPG, 2023 WL 11862315, at *2 (D. Colo. Jan. 23, 2023).

B.    **Rule 12**

Fed. R. Civ. P. 12(f) provides in relevant part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Generally, striking redundant or immaterial matter from a complaint usually occurs where such material violates the "short and plain statement" requirement of Fed. R. Civ. P. 8(a). *See Baker v. City of Loveland*, 686 F. App'x 619, 621-22 (10th Cir. 2017) (citations omitted); *see also Resol. Tr. Corp. v. Schonacher*, 844 F. Supp. 689, 691 (D. Kan. 1994) (stating that Rule 12(f)'s purpose "is to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial").

However, granting a Rule 12(f) motion is a "generally-disfavored, drastic remedy" and therefore is rarely done. *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997); *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985). Generally, Rule 12(f) motions are "only granted when the allegations have no bearing on the controversy and the movant can show that he has been prejudiced." *Kimpton Hotel & Rest. Grp., LLC v. Monaco Inn, Inc.*, No. 07-cv-01514-WDM-BNB, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008).

Given the disfavored status of granting Rule 12(f) motions, the moving party's "burden of proof is a heavy one." *Holzberlein v. OM Fin. Life Ins. Co.*, No. 08-cv-02053-LTB, 2008 WL 5381503, at *1 (D. Colo. Dec. 22, 2008). "Even where the challenged allegations fall within the categories set forth in the rule, a party must usually make a showing of prejudice before the court will grant a motion to strike." *Sierra Club*, 173 F.R.D. at 285. Further, "regardless of whether the moving party has met its burden to prove that allegations contained in a pleading violate Rule 12(f), discretion remains with the Court

to grant or deny the motion. *Mueller v. Swift*, No. 15-cv-01974-WJM-KLM, 2016 WL 11692343, at *2 (D. Colo. Apr. 14, 2016) (observing that allegations which are subject to Rule 12(f) "may" be stricken pursuant to the explicit language of the rule).

## C.    Rule 12(b)(4)

A motion under Rule 12(b)(4) seeks dismissal based on insufficient process. "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service." *Brown v. Nationwide Ins. Co.*, No. 21-4122, 2023 WL 4174064, at *2 n.3 (10th Cir. June 26, 2023) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1353 (3d ed.)). In other words, "a Rule 12(b)(4) motion challenges the substance of a summons, without considering its service." *Willams v. Gordon*, No. 2:24-CV-104-KHR, 2024 WL 4406914, at *3 (D. Wyo. Aug. 26, 2024). Thus, Rule 12(b)(4) challenges compliance with Rule 4(a) (regarding the contents of and amendments to a summons) and Rule 4(b) (regarding the issuance of a summons). *See* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1353 (4th ed. June 2024 update); *Bath v. Am. Express Co.*, No. 19-cv-00606-RM-NYW, 2019 WL 2607020, at *3 (D. Colo. May 31, 2019).

## D.    Rule 12(b)(5)

A motion under Rule 12(b)(5) seeks dismissal based on insufficient service of process. In other words, "[a] Rule 12(b)(5) motion . . . challenges the mode or lack of delivery of a summons and complaint." *Gallan v. Bloom Bus. Jets, LLC*, 480 F. Supp. 3d 1173, 1178 (D. Colo. 2020) (citation and internal quotation marks omitted). "A party does not waive a defense of insufficiency of service of process merely by appearing and contesting service." *Thompson v. Galetka*, 42 F. App'x 397, 399 (10th Cir. 2002).

In response to a Rule 12(b)(5) motion, the plaintiff "bears the burden of making a prima facie case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant." *Sarnella v. Kuhns*, No. 17-cv-02126-WYD-STV, 2018 WL 1444210, at *1 (D. Colo. Mar. 23, 2018) (citations and internal quotation marks omitted). "The Court may consider affidavits and other documentary evidence in ruling on a Rule 12(b)(5) motion, and all factual disputes must be resolved in the plaintiff's favor." *Burnam v. Weld Cnty. Sheriffs*, No. 23-cv-00151-NYW-NRN, 2024 WL 1051949, at *2 (D. Colo. Mar. 11, 2024).

### III. Analysis

#### A.    Plaintiffs' Amended Complaint and Rule 8

Defendants argue that the Amended Complaint [#12] violates Rule 8 and should be dismissed in its entirety, or, alternatively, stricken. *See Motion* [#17] at 4-9; *Joinder to Motion* [#33] at 2-3. Defendants first contend that the Amended Complaint [#12] contains immaterial and impertinent matter and makes it impossible for them to discern the conduct committed by each defendant in support of each claim. *Motion* [#17] at 5. Plaintiffs argue against such relief asserting that their claims are subject to heightened pleading standards pursuant to Rule 9. *See Response* [#30] at 4-7.

Plaintiffs' Amended Complaint [#12] violates Rule 8. The factual allegations alone span over seventy pages and approximately four hundred twenty-three paragraphs. *See Am. Compl.* [#12] at 5-78, ¶¶ 28-423. As Defendants point out, the 111-page, 557-paragraph Amended Complaint [#12] goes into significant, unnecessary detail about events that occurred over a multiyear period. For instance, the Amended Complaint [#12] goes into extensive, unnecessary detail about parking-related disputes involving

nonparties, and accountings of certain events drone on for pages on end. *See id.* at 6-12, ¶¶ 31-62 (explaining a third party's experience with certain Defendants over a parking dispute) & 18-19, ¶¶ 96-100 (describing interaction with nonparty about a parking variance). Every conceivable communication or interaction between the parties and others spanning a period of three to four years is recounted in exhaustive, lengthy, and verbose detail. *See id.* at 55, ¶¶ 281-295 (describing in extraordinary detail events occurring before and during the PRCHOA 2024 board meeting). For instance, Plaintiffs devote nearly thirty paragraphs to describe a case in Small Claims Court against Defendant Stapp. *See id.* at 34-40, ¶¶ 180-209. Immaterial and impertinent facts are littered throughout. *See id.* at 27, ¶ 142 (describing their marriage proposal), 12, ¶ 64 (discussing "combining [their] household" and raising their daughters) & 16, ¶ 86 (explaining their children's school schedules).

It is impossible to discern how the more than four hundred general allegations can be structured to support the required elements of each of the twelve separate claims alleged in the Amended Complaint [#12]. Further, Plaintiffs have engaged in inappropriate shotgun pleading by incorporating and realleging the whole of the preceding allegations into each claim for relief, as more fully explained in Section B.2 below.

The Court is not convinced by Plaintiffs' argument that certain claims, which are subject to heightened pleading requirements, excuse the exceptionally lengthy Amended Complaint [#12]. While Plaintiff is correct that Rule 9 imposes heightened pleading requirements, it is not to be read in isolation but is to be interpreted "in conjunction with the principles of Rule 8." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997). "[T]o meet the requirements of Rule 9(b) a complaint need not recite the

evidence or plead detailed evidentiary matter. Similarly, Rule 9(b) does not require particularity to the degree so as to supplant general discovery methods." *Sunbird Air Serv., Inc. v. Beech Aircraft Corp.,* 789 F. Supp. 364, 366 (D. Kan.1992). Furthermore, Plaintiffs' argument that special damages, such as attorneys' fees, must be specifically pled is without merit. *See Response* [#30] at 5-6. Pro se litigants, such as plaintiffs, ordinarily cannot recover attorneys' fees. *See generally Kay v. Ehrler*, 499 U.S. 432, 437-38 (1991) (holding, in the context of a claim brought under 42 U.S.C. § 1988, that litigants, including attorneys, who appear *pro se* are not entitled to receive attorneys' fees)**;** *Anaeme v. Best W. Hot Springs Inn*, No. CIV-05-1068 MV/ACT, 2006 WL 8444368, *2 (D.N.M. Mar. 14, 2006) (collecting cases discussing pro se litigants' inability to recover attorney fees).

"[B]y scattering and concealing in a morass of irrelevancies the few allegations that matter," Plaintiffs have rendered their Amended Complaint [#12] "unintelligible." *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (quotations and citation omitted). Instead of a short and plain statement, Plaintiffs' Amended Complaint [#12] is largely a protracted, convoluted, and rambling narrative that fails to provide Defendants fair notice of the claims and likewise disables the Court from determining whether Plaintiffs are even entitled to relief. Thus, Plaintiffs' Amended Complaint [#12] undoubtedly violates Rule 8. *See Mitchell v. City of Colo. Springs, Colo.,* 194 Fed. Appx. 497, 498 (10th Cir.2006) (affirming order dismissing complaint for being "verbose, prolix and virtually impossible to understand" and a "rambling, massive collection of facts . . . completely lacking in clarity and intelligibility"); *see also Ausherman v. Stump,* 643 F.2d 715, 716

(10th Cir.1981) (holding that a "prolix" complaint that was a "rambling narration of the discord that developed between [the parties]" violated Rule 8(a)).

Nearly the entirety of Plaintiffs' Amended Complaint [#12] places an unreasonable burden on the Court and Defendants to identify both the specific claims for relief that are being asserted against each defendant and what specific factual allegations support each claim. The Court will not attempt to construct Plaintiffs' arguments for them. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

## B.    Whether Plaintiffs' Amended Complaint [#12] Engages in "Shotgun Pleading"

Defendants further argue that Plaintiffs' act of realleging and reincorporating the hundreds of paragraphs of factual allegations in their claims for relief is an inappropriate act of shotgun pleading. *See Motion* [#17] at 6-7; *Reply* [#36] at 3-5. In this District, a plaintiff must not "recite an extended narrative at the beginning of the pleading, and proceed to state numerous claims by simply reciting the formulaic elements of the claim and referring holistically to the preceding narrative as support." *Greenway Nutrients, Inc. v. Blackburn*, 33 F. Supp. 3d 1224, 1243 (D. Colo. 2014) (quoting *Jacobs v. Credit Suisse First Boston*, Case No. 11-cv-00042-CMA-KLM, 2011 WL 4537007, *6 (D. Colo. Sept. 30, 2011)). Indeed, courts have cautioned litigants who purport to "incorporate by reference all prior allegations" into each of their claims. *See Haynes v. Allstate Fire & Cas. Ins.*, No. 19-cv-02397-STV, 2020 WL 816043, at *7 (D. Colo. Feb. 18, 2020) ("[T]echnically, it is inappropriate for a plaintiff to incorporate by reference *all* prior allegations into each of her claims[.]") (emphasis omitted); *Int'l Acad. of Bus. & Fin. Mgmt., Ltd. v. Mentz*, No. 12-cv-

00463-CMA-BNB, 2013 WL 212640, at *7 (D. Colo. Jan. 18, 2013) ("This Court has strongly criticized such use of 'shotgun pleading,' by which a party pleads several counts or causes of action, each of which incorporates by reference the entirety of its predecessors."). Nevertheless, such a "technical violation" does not necessarily warrant the striking of a complaint. *Haynes*, 2020 WL 816043, at *7. Additionally, the practice of reincorporating and realleging previous allegations "is a practice that is almost universally employed by the attorneys who practice before this Court." *See Swenson v. Alliance Moving & Storage LLC*, No. 21-cv-01968-CMA-STV, 2022 WL 1508506, at *6 (D. Colo. Apr. 26, 2022).

### 1.    Claims 2, 5, 7, 8, 9, 10

While these claims reallege and reincorporate the entirety of the preceding paragraphs, the Court nonetheless finds that they sufficiently apprise Defendants of the claims against them. Consider the complaint at issue in *Haynes v. Allstate Fire & Casualty Insurance*. There, the defendant moved to strike the complaint where the plaintiff realleged and reincorporated hundreds of paragraphs into each claim for relief. *Haynes*, 2020 WL 816043, at *7-8. The court denied the motion, however, recognizing that "each claim for relief set[] forth the general conduct at issue to sufficiently allow [the defendant] to identify which of the more specific allegations incorporated by reference apply to that claim." *Id.* at *8.

Here, despite the reincorporation of all preceding paragraphs, Plaintiffs' Claims 2, 5, 7, 8, 9, and 10 do not "make[] it impossible to understand [Plaintiffs] claims." *Id.* (citing *Churchill Med. Sys., Inc. v. Rubacha*, No. 19-cv-0226-WJM-STV, 2019 WL 5894132, at *4 (D. Colo. Nov. 12, 2019)). Claim 2 first realleges all preceding paragraphs. *Am. Compl.*

[#12] at 81, ¶ 433. However, Claim 2 proceeds to articulate the specific retaliatory conduct that each defendant allegedly engaged in and further identifies the protected conduct that Plaintiffs' engaged in. *Id.* ¶¶ 434-35(t). Claims 5, 7, and 8 are specific to Defendant Stapp. *Id.* at 95, 99-100. Claims 7 and 8 specifically explain Defendant Stapp's at-issue conduct, when that allegedly unlawful conduct occurred, and the harm Plaintiffs suffered as a result. *Id.* at 99-100. Claim 5 does the same, although Plaintiffs do not specifically identify when the unlawful conduct occurred. *Id.* at 95-96.

Claim 9 is directed towards Defendants Stapp and Cindy Chudacoff and asserts a cause of action for breach of contract and/or breach of the covenant of good faith and fair dealing. *Id.* at 101. It proceeds to explain the at-issue contract and Defendant Stapp and Cindy Chudacoff's specific conduct that purportedly violates the contract. *Id.* at 101-02, ¶¶ 504-509. Furthermore, Claim 10, directed towards Defendants Dunlap and Bruce Chudacoff for inference with the performance of a contract, also sufficiently explains the allegedly unlawful conduct they engaged in. *Id.* at 102-03.

While Plaintiffs continue to reallege and reincorporate the preceding paragraphs in each of these claims, they take additional steps to outline which Defendant engaged in what conduct as applied to each respective cause of action. The Court finds that Plaintiffs have provided fair notice to Defendants with respect to what each individual Defendant did, when they did it, and what harm it caused to Plaintiffs. Therefore, the Court **recommends** that Defendants' Motion [#17] be **denied** to the extent it seeks to dismiss or strike Plaintiffs' Amended Complaint [#12] as a shotgun pleading with respect to claims 2, 5, 7, 8, 9, and 10.

### 2.    Claims 1, 3, 4, 6, 11, 12

The same does not hold true for Claims 1, 3, 4, 6, 11, and 12. These claims do not clearly articulate what each defendant did to which plaintiff. Each count adopts the allegations of all preceding counts, causing each successive count to include everything that came before and the last count to be a combination of the entire Amended Complaint [#12]. While this is also true for Claims 2, 5, 7, 8, 9, and 10, here it creates a problem because Plaintiffs essentially lump Defendants together and fail to clearly articulate which defendant did what. With respect to these Claims, Plaintiffs have failed to provide Defendants with fair notice of the basis for each Claim.

Claim 1, asserted against all defendants, reincorporates all prior allegations and proceeds to explain the allegedly discriminatory acts committed by Defendants. *Id.* at 78. However, Claim 1 fails to specifically describe which defendant engaged in each of the nine allegedly discriminatory acts listed. *Id.* at 78-80, ¶¶ 425(a)-(i).

Claim 3, 4, 6, 11, and 12 are no different. Claim 3 alleges violations of the Colorado Fair Housing Act. *Id.* at 89. Plaintiffs begin Claim 3 with: "By engaging in the actions set forth in paragraphs 1 through 445, realleged herein, Defendants Stapp, Dunlap, Mrs. Chudacoff, and Mr. Chudacoff . . . injured Plaintiffs by committing the following discriminatory housing acts[.]" *Id.* Claim 3 then lists a litany of allegedly discriminatory acts but utterly fails to explain who did what to whom. *Id.* at 89-92. To provide *one* example, Plaintiffs state Defendants violated their rights by:

> "Refusing to otherwise make available or denying or withholding from the Metcalf/Moore Family, Plaintiffs, the lawful peaceful enjoyment of their home with the intentional, willful and malicious creation of a hostile environment by individuals who have control or authority over the terms, conditions or privileges of home ownership in the PRCHOA because of

Metcalf's and Moore's marital status and the Metcalf/Moore Family familial
status"

*Id.* at 89, ¶ 446(a).

This is insufficient to put Defendants on notice. Which defendant engaged in this

conduct? When did this conduct occur? As presently drafted, Claim 3 does not reveal an

of that information.

Furthermore, Claim 4 takes a similar approach with an interesting twist. *Id.* at 92.

Plaintiffs begin this Claim by laying out the protected activity they engaged in. *Id.* at 92,

¶¶ 455(a)-(k). Then, at paragraph 456, they state, in blanket fashion, that "by engaging in

the actions set forth in paragraphs 1 through 455 . . . [all the defendants] injured Plaintiffs

. . . by committing at least the retaliatory acts, detailed in paragraph 435 [subsections (a)

through (t)]." *Id.* at 94, ¶ 456. This, too, is insufficient.

Claim 6 is asserted against all the defendants and alleges that they engaged in

fraud by concealing material facts. *Id.* at 97. Paragraphs 477(a)-(f) describes the material

facts Defendants apparently failed to disclose. *Id.* ¶¶ 477(a)-(f). Again, Plaintiffs do not

indicate which of the individual defendants failed to disclose which of these material facts.

Claim 11 is brought against all the defendants and alleges that they engaged in

extreme and outrageous conduct. *Id.* at 104. Plaintiffs proceed to list an abundance of

allegedly extreme and outrageous conduct, but, once again, do not explain which

defendant engaged in this conduct or when this conduct occurred. *Id.* at 104, ¶¶ 525-538.

Finally, that brings the Court to Claim 12—Plaintiffs' civil conspiracy claim. *Id.* at 107.

Plaintiffs reincorporate the preceding 545 paragraphs and, again, utterly fail to explain

who did what. *Id.* at 107-08.

Therefore, the Court finds that Plaintiffs have engaged in impermissible shotgun pleading with respect to Claims 1, 3, 4, 6, 11, and 12. Without fair notice of which defendant did what to Plaintiffs, Defendants are prejudiced in their ability to respond to the allegations. Accordingly, the Court, in its discretion, **recommends** that Defendants' Motion [#17] be **granted** to the extent it seeks to strike Plaintiffs' Amended Complaint [#12] as a shotgun pleading with respect to claims 1, 3, 4, 6, 11, and 12.

It is further **recommended** that Plaintiffs be ordered to file an amended complaint that complies with Fed. R. Civ. P. 8 within 14 days following the District Judge's adjudication of this Motion [#17]. Plaintiffs' amended complaint must, in a ***clear and concise manner***, revise claims 1, 3, 4, 6, 11, and 12 and identify: (1) the specific facts that support each asserted claim, (2) against which defendant or defendants they are asserting each claim, and (3) what each defendant did that allegedly violated their rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting, "to state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.") (emphasis added).

It is further **recommended** that Plaintiffs be ordered to revise the factual allegations to streamline their Amended Complaint [#12] and remove any impertinent or immaterial matter, as explained in Section III.A *supra*.

## C.    Insufficiency of Process under Rule 12(b)(4)

Defendants next argue that the Amended Complaint [#12] should be dismissed under Federal Rule of Civil Procedure 12(b)(4) because it was not personally served and

personal service was required due to insufficiency of process in connection with the Original Complaint [#1]. *Motion* [#17] at 9-11. Defendants contend that dismissal is warranted because service of the Original Complaint [#1] did not include the summonses.[3] *Id.* at 10-11.

A summons must be served with a copy of the complaint. *See* FED. R. CIV. P. 4(c)(1). However, Defendants' reliance on Rule 12(b)(4) in support of this argument is misplaced. "A Rule 12(b)(4) motion constitutes an objection to the form of process or the content of the summons rather than the method of its delivery," while a motion made under Rule 12(b)(5) "challenges the mode or lack of delivery of a summons and complaint." *Gallan*, 480 F. Supp. 3d at 1178 (quoting *Oltremari by McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994)); *see also Crawford v. Univ. of Colo. Hosp. Auth.*, No. 23-cv-03244-KAS, 2025 WL 822918, at *3 (D. Colo. Mar. 14, 2025) (noting that a Rule 12(b)(4) motion is fairly rare and that it "challenges the substance of a summons, without considering its service") (quoting *Williams v. Gordon*, No. 2:24-CV-104-KHR, 2024, WL 4406914, at *3 (D. Wyo. Aug. 26, 2024) and citing 5B WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (4th ed. June 2024 update)).

Here, Defendants argue that Plaintiffs did not serve the summonses with the Original Complaint—this issue goes to a "lack of delivery." This argument is properly addressed under Rule 12(b)(5), not Rule 12(b)(4). *See Crawford*, 2025 WL 822918, at *4 (noting that challenges to the lack of delivery of the summons and complaint are appropriately addressed under Rule 12(b)(5)). Because Defendants do not assert any argument properly brought under Rule 12(b)(4), the Court **recommends** that the Motion

---

[3] Defendants raised this issue in their First Motion to Dismiss. *See First Motion to Dismiss* [#11].

[#17] be **denied** to the extent asserted under that Federal Rule of Civil Procedure. *See*, *e.g.*, *Bath*, 2019 WL 2607020, at *6 (addressing arguments regarding the mode and delivery of process under Rule 12(b)(5), rather than Rule 12(b)(4)).

### D.    Insufficiency of Service of Process under Rule 12(b)(5)

Defendants Randee Stapp, Cindy Chudacoff, and Bruce Chudacoff next argue that Plaintiffs never personally served the Amended Complaint [#12], which was required due to the nonservice of the summons with the Original Complaint and in absence of authorization for defense counsel to accept service. *Motion* [#17] at 11-12.

In opposing a motion to dismiss pursuant to rule 12(b)(5), the "plaintiff bears the burden of making a prima facie case that he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant." *Driskell v. Thompson*, No. 12-cv-03107-REB-KLM, 2013 WL 5835114, at *2 (D. Colo. Oct. 30, 2013) (italics omitted). Absent proof of service, a court lacks personal jurisdiction over the defendant. *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir.1992). The plaintiff must demonstrate that the procedure employed by him to effectuate service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure. *Sarnella*, 2018 WL 1444210, at *1 (citing *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987)). The Court will first address whether service of the Original Complaint satisfied Rule 4's requirements. Then, the Court will address the adequacy of service of the Amended Complaint [#12].

### 1.    Service of the Original Complaint [#1]

Plaintiffs argue that Defendants waived the issue of insufficient service of process because they failed to raise it in their initial Motion to Dismiss [#11] or in any timely

response to the Amended Complaint [#12]. *See Motion to Strike Defs.' Combined Motion to Strike or Dismiss First Am. Compl.* [#22] at 4-5. The Court notes that while Defendants did not frame this argument as being governed by 12(b)(5) in the Original Motion to Dismiss [#11] or the instant Motion to Dismiss [#17], Defendants nonetheless argued that they never received summonses for the Original Complaint [#1]. Defendants properly raised this argument in the Original Motion to Dismiss [#11] and, therefore, the Court will consider this argument under the parameters of Rule 12(b)(5).

Rule 4 requires issuance and service of a summons. FED. R. CIV. P. 4(c)(1). "'[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'" *Omni Cap. Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (quoting *Miss. Publ'g Corp. v. Murphree,* 326 U.S. 438, 444-45 (1946)). "A signed return of service constitutes prima facie evidence of valid service 'which can be overcome only by strong and convincing evidence.'" *Dittimus v. Bond*, No. 12–cv–03010–MSK–KMT, 2013 WL 4496432, at *2 (D. Colo. Aug. 22, 2013) (quoting *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1398 (7th Cir. 1993)); *cf. Conley v. Pryor*, No. 11-3200-DDC-KGS, 2015 WL 413638, at *3 n.1 (D. Kan. Jan. 30, 2015) (finding fact that an individual was no longer an employee where process was served constituted strong and convincing evidence). "The parties may submit affidavits and other documentary evidence for the Court's consideration, and [a] [p]laintiff is entitled to the benefit of any factual doubt." *Bey v. Clark*, No. 17–cv–01594–WJM–MEH, 2018 WL 994048, at *5 (D. Colo. Feb. 21, 2018) (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)). When conflicting affidavits are presented, factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie case for

personal jurisdiction may then survive the defendant's motion. *Behagen v. Amateur Basketball Ass'n of U.S.A.,* 744 F.2d 731, 733 (10th Cir.1984); *see also Himoinsa Power Sys., Inc. v. Power Link Mach. Co.*, No. 08-2601, 2010 WL 11565325, at *3 (D. Kan. Aug. 24, 2010) (resolving conflicting statements regarding service of process in favor of the plaintiff upon "accept[ing] the affidavits of the process servers who, after all, 'have no dog' in the dispute.").

Plaintiffs returned signed Proofs of Service for each defendant. *See Proofs of Service* [#7-9][4]. This constitutes prima facie evidence of valid service. *See Dittimus*, 2013 WL 4496432, at *2. Plaintiffs have thus met their burden and Defendants must set forth "strong and convincing evidence" to prevail.

Defendants argue that while the Proofs of Service [#7, #8, #9] indicate that they were served with the Original Complaint [#1] and corresponding exhibits, they do not, under the "served documents" portion, show that they were served with the required summonses. *Motion* [#17] at 10-11; *see also Executed Summonses* [#7, #8, #9]. Defendants note that the only items appearing under the "served documents" portion of their Proofs of Service are the Complaint, Jury Demand, and accompanying exhibits. *Id.* Defendants further argue that, in contrast, the Proof of Service for Defendant Dunlap reflects service of the summons, along with the Amended Complaint and Exhibits. *See Reply* [#36] at 5-6; *Executed Summons* [#19] at 2. Additionally, in response to Plaintiffs' Motion to Strike the Motion to Dismiss [#22], Defendants Chudacoff and Dunlap provided affidavits wherein they state that they never received copies of the summonses. *See*

---

[4] Defendant Dunlap does not join in the Motion [#17] with respect to the service of process issues. *See Joinder to Motion* [#33]. Therefore, this Recommendation focuses on service of process with respect to the other Defendants.

*Affidavits of Bruce Chudacoff*, *Cindy Chudacoff*, *and Randee Stapp* [#23-1, #23-2 & #23-3].

Plaintiffs, on the other hand, contend that they properly effectuated service. *See Reply to Response to Motion to Strike Motion to Dismiss* [#29] at 5-8[5]. Plaintiffs point to the language on the Proofs of Service [#7, #8, #9] which states that "[t]his summons" was "received by" the process servers, and that those process servers "personally served the summons" on each defendant. *Id.*; *Proofs of Service* [#7, #8, #9]. Plaintiff Metcalf attested that he paperclipped the physical summonses for each defendant to the exterior of envelopes containing the Complaint and Jury Demand. *See Reply to Response to Motion to Strike Motion to Dismiss* [#29] at 6; *Affidavit of Matthew Metcalf* [#29-1] at 3, ¶ 10. Further, Jennifer Fox, an apparent witness to the service upon Defendant Cindy Chudacoff, attested that she observed a "white sheet paperclipped on the outside of each envelope[.]" *See Affidavit of Jennifer Fox* [#29-6] at 2, ¶ 6.

The undersigned could find no court decision that has specifically addressed whether insufficient service of process is established where a proof of service or return of service fails to identify the summons as a "served document." However, the Court need not determine that issue. The Proofs of Service are prima facie evidence of valid service. Further, at this stage in the proceedings, and due to the presence of conflicting affidavits, the Court must resolve all factual disputes in favor of Plaintiffs. *See White v. Christian*, 474 F. Supp. 3d 1196, 1200 (D. Colo. 2020) (stating, "[i]f the parties present conflicting

---

[5] Plaintiffs made this argument in their Reply [#29] to Defendants' Response to Plaintiffs' Motion to Strike the Motion to Dismiss. Plaintiffs reincorporate the arguments made in their Motion to Strike [#22] and Reply in support [#29] into their Response [#30]. *See Response* [#30] at 3 (reincorporating arguments raised in Plaintiffs' Motion to Strike [#22] and Plaintiff's Reply to Defendant Response to Plaintiff's Motion to Strike [#29]).

affidavits, all factual disputes must be resolve in the plaintiff's favor, and 'the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.'") (quoting *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)).

The Court therefore concludes that Plaintiffs properly effectuated service of the Original Complaint [#1]. Accordingly, the Court **recommends** the Motion [#17] be **denied** to the extent asserted under FED. R. CIV. P. 12(b)(5).

### 2.    Service of the Amended Complaint [#12]

Finally, Defendants contend that the Amended Complaint [#12] should be dismissed because Plaintiffs have not personally served it. *See Motion* [#17] at 11-12. Defendants assert that service has not occurred because Plaintiffs' act of serving the Amended Complaint [#12] on Defendants' attorneys through the electronic filing system rather than on Defendants themselves is insufficient absent prior authorization. *Id.*

Because the Court has found that the Original Complaint [#1] was properly served, the Amended Complaint [#12] is "a pleading filed after the original complaint" for Federal Rule of Civil Procedure 5 purposes. Thus, Rule 5(b) governs the methods of service. Rule 5(b)(1) requires service on an attorney "[i]f a party is represented by an attorney" and "unless the court orders service on the party."

At the time Plaintiffs filed the Amended Complaint [#12], Defendants appeared to have been represented by counsel, as demonstrated by the filing of the First Motion to Dismiss [#11]. However, a closer inspection of the nuances of the law reveals that the appearance of representation for purposes of service under Rule 5(b)(1) is, instead, a mirage.

"Generally, service of process of an amended complaint can only be accomplished under Rule 5 where: (1) the original complaint was properly served; and (2) the defendants have appeared." *Cryer v. UMass Med. Corr. Health*, No. 10-11346-PBS, 2011 WL 841248, at *1 (D. Mass. Mar. 7, 2011); *see also* 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1146 (4th ed. May 20, 2025 update) (noting that "following an appearance, service of papers on the attorney – rather than the party – will expedite the adjudication of the case on the merits and, at the same time, constitute sufficient notice to the party to comply with [due process requirements]").

Defendants first appeared on November 22, 2024, when they filed their First Motion to Dismiss [#11]. They filed that motion to, in part, "object[] to the form of process or the content of the summons rather than the method of its delivery." *First Motion to Dismiss* [#11] at 9. The instant Motion [#17] raises a similar argument and, relatedly, challenges the Court's exercise of personal jurisdiction over them. *See Motion* [#17] at 9-12.

Courts in this District have distinguished between special appearances and general appearances and, thus, not all appearances trigger personal jurisdiction or the waiver of any objections thereto. In *George v. Lewis*, 204 F. Supp. 380, 384 (D. Colo. 1962), the court reasoned that the defendants' special appearance to attack the court's jurisdiction did not establish jurisdiction or amount to a waiver of any jurisdiction-related objections. In *Barton v. Horowitz*, the court acknowledged that "certain general appearances by counsel which address the *merits* of a case may constitute a waiver of service," but rejected the argument that the filing of a notice of removal constitutes a general appearance. *Barton*, No. Civ.A. 97 N 1980, 1999 WL 502151, at *7 n.1 (D. Colo.

Mar. 11, 1999) (emphasis added); *cf. Anderson v. Taylorcraft, Inc.*, 197 F. Supp. 872, 874 (W.D. Pa. 1961) (noting that a general appearance does not occur by a mere act that has some relation to the case, such as a change of address letter or an objection to personal jurisdiction).

Here, Defendants' "appearance" does not address the merits of Plaintiffs' case; rather, it was specific to challenging jurisdiction (and the allegations' prolix nature). Consequently, Defendants have not generally appeared in this case and, thus, defense counsel would need express client authorization to accept service of the Amended Complaint. *See United States v. 51 Pieces of Real Prop., Roswell, N.M.*, 17 F.3d 1306, 1313 (10th Cir. 1994) (noting that service is ineffective where the attorney is not authorized to accept service). Defendants assert that they "have not authorized the undersigned [defense counsel] to accept service." *Motion* [#17] at 12; *see also Reply* [#36] at 7 ("Counsel for Defendants has not been authorized to accept service in the present action."). Therefore, Plaintiffs have not properly served the Amended Complaint [#12] on Defendants. To correct this procedural deficiency, Plaintiffs have two options: (1) obtain Defendants' waiver of personal service of the operative pleading; or (2) personally serve the operative pleading on Defendants.

Accordingly, the Court **recommends** that the Motion [#17] be **granted** to the extent it seeks dismissal for insufficient service of process under Rule 12(b)(5) with respect to the Amended Complaint [#12].

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that Defendants' Motion [#17] be **GRANTED in part** and **DENIED in part**, as outlined above.

Specifically, and for ease of reference, the undersigned **recommends** that:

(1)     Defendants' Motion [#17] be **denied** to the extent it seeks to dismiss or strike Plaintiffs' Amended Complaint [#12] as a shotgun pleading with respect to claims 2, 5, 7, 8, 9, and 10.

(2)     Defendants' Motion [#17] be **granted** to the extent it seeks to strike Plaintiffs' Amended Complaint [#12] as a shotgun pleading with respect to claims 1, 3, 4, 6, 11, and 12.

(3)     Plaintiffs be ordered to file an amended complaint that complies with Fed. R. Civ. P. 8 within 14 days following the District Judge's adjudication of Defendants' Motion [#17].

a.     Plaintiffs' amended complaint must, in a *clear and concise manner*, revise claims 1, 3, 4, 6, 11, and 12 and identify: (i) the specific facts that support each asserted claim; (ii) against which defendant or defendants they are asserting each claim; and (iii) what each defendant did that allegedly violated their rights.

b.     Plaintiffs be ordered to revise the factual allegations to streamline their Amended Complaint [#12] and remove any impertinent or immaterial matter.

(4)     Defendants' Motion [#17] be **denied** to the extent asserted under Fed. R. Civ. P. 12(b)(4) and 12(b)(5) in connection with the Original Complaint [#1].

(5)     Defendants' Motion [#17] be **granted** to the extent it seeks dismissal under

Rule 12(b)(5) for insufficient service of process with respect to the Amended

Complaint [#12].

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: August 11, 2025                    BY THE COURT:


Kathryn A. Starnella
United States Magistrate Judge