IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 24-cv-03067-GPG-KAS

MATTHEW R. METCALF, individually, and
ALLISON E. MOORE, individually and as next friend of minor child S.A.M.,

Plaintiffs,

v.

RANDEE L. STAPP, individually,
CYNDY DUNLAP, individually,
CINDY CHUDACOFF, individually, and
BRUCE CHUDACOFF, individually,

Defendants.

---

**ORDER**

---

This matter comes before the Court *sua sponte* but takes into account Judge Starnella's Recommendation (D. 43) and Plaintiffs' Objection (D. 45).

## I. BACKGROUND

Plaintiffs' Amended Complaint (Complaint) (D. 12) encompasses five hundred fifty-seven paragraphs over one hundred ten pages and asserts twelve claims for relief. In addition to the main body of the Complaint, Plaintiffs attach one unrestricted exhibit (D. 12-1) and a restricted exhibit (D. 13). Plaintiffs characterize their suit as follows:

> 1. Defendants, individually and/or in civil conspiracy, violated Plaintiffs' federal and state civil rights under fair housing statutes by engaging in intentional, malicious, and unlawful discrimination based on marital, familial status and association with individuals with disability, and in retaliation for protected activity,

> motivated by evil motive or intent and/or involving reckless or callous indifference to the statutorily protected rights of others.
>
> 2. At the same time, Defendants, individually and/or in civil conspiracy, engaged in fraud, defamation, breach of or interference with a contract, and extreme and outrageous conduct to affect discrimination and retaliation resulting in damages to Plaintiffs.

(D. 12 at 2).

Plaintiff Moore is the biological mother of S.A.M. and she and her partner, Plaintiff Metcalf, parent S.A.M.[1] S.A.M. has been diagnosed with Autism Spectrum Disorder. The dispute arises from issues related to neighborhood parking, snow removal, and actions taken by the neighborhood association. Plaintiffs claim that they were discriminated against and tie that discrimination back to S.A.M.'s disability.

## II. LEGAL STANDARD

A complaint must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief

[1] The Court utilizes the facts from Plaintiff's Amended Complaint (D. 12) unless otherwise noted.

sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

## III. ANALYSIS

Plaintiffs' Complaint violates Rule 8 in numerous different ways—not all of which are discussed in this short Order. The Complaint incredibly over-verbose, it fails to provide a short and plain statement of the claim showing that the pleader is entitled to relief, and it includes substantial irrelevant information.

This Court extends its significant thanks and appreciation to Judge Starnella for weeding through the morass of Plaintiffs' Amended Complaint (D. 12) and attempting to make sense of it in a very thorough and well-reasoned Recommendation (D. 43). And despite this Court deciding to tread a slightly different route, Judge Starnella's efforts are not for naught as Judge Starnella's guidance should be carefully followed when/if Plaintiffs decide to lodge a final amended complaint. Judge Starnella correctly recommends that Plaintiffs should be allowed an opportunity to amend their complaint (D. 43 at 23). Plaintiffs should very carefully consider and incorporate Judge Starnella's guidance, e.g., not including irrelevant information and not shotgun pleading. However, as this Court intends to impose a strict length limitation on any amended complaint, *see below¸* this Court cannot do so and simultaneously address this matter in the posture of the current recommendation and objection.

The Court believes the following issues merit a brief discussion at this time. Plaintiffs proceed *pro se*. Normally, this would afford certain deference to their pleadings. *See Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Not so in this circumstance. Plaintiff Allison E. Moore is a licensed attorney and experienced federal litigator. A brief perusal of the Court's own records indicates Plaintiff Moore has been or is currently counsel, generally lead counsel, on ten cases in the United States District Court for the District of Colorado since 2020—four of which are currently pending. It would be entirely unjust to afford deference to Plaintiffs' pleadings to the potential detriment of Defendants under such circumstances (*see* D. 43 at 1 n.2).

While not making a final determination regarding this issue, the Court is not persuaded that Plaintiffs' desire to seek legal fees on behalf of their minor child or to assert fraud allegation justify the inclusion of additional facts beyond what Rule 8 would normally require. To the extent additional facts might be necessary, the one hundred ten page operative pleading is incredibly excessive. Plaintiffs' claims could likely be asserted in twenty-five to thirty-five pages. The Court is substantially cushioning that amount by affording Plaintiffs fifty pages to plead their case.

This Court need not address the service-of-process and delivery issues discussed in both the Recommendation and Objection. Those issues become moot upon the striking of Plaintiff's Amended Complaint and hopefully will not need to be addressed with regard to any amended pleading because they will be resolved.

## IV. CONCLUSION

Accordingly, the Court STRIKES Plaintiffs' Amended Complaint (D. 12).

The Court further Orders that Plaintiffs may file one final amended complaint of no more than fifty pages total length within thirty (30) days.

It is further Ordered that the following pleadings are now MOOT (D. 17; D. 43; D. 45).

DATED September 2, 2025.

BY THE COURT:

Gordon P. Gallagher
United States District Judge